## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ANTHONY MACKAY, ARION ROBINSON,
AZIZ KHETANI, DOUG LaMARCA, JOHN
IRVINE, NICOLAS URQUIZA, PATRICK
ECKERT, and YE WANG, individually and on
behalf of all others similarly situated,

      Plaintiffs,

          v.

LENOVO (UNITED STATES) INC.,

      Defendant.

Case No. 20-1149-RGA

## OPENING BRIEF IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

**K&L GATES, LLP**
Steven L. Caponi (No. 3484)
Matthew B. Goeller (No. 6283)
600 N. King Street, Suite 901
Wilmington, DE 19801
Tel.: 302-416-7000
steven.caponi@klgates.com
matthew.goeller@klgates.com

*Attorneys for Defendant*
*Lenovo (United States) Inc.*

*Of Counsel*:

Christina N. Goodrich
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Tel.: 310-552-5000
christina.goodrich@klgates.com


Dated: April 30, 2021

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................. 1

II.    FACTUAL ALLEGATIONS .............................................................................. 2

    A.    Plaintiffs Purchase Flex 5 Laptops ....................................................... 2

    B.    Lenovo's Limited One-Year Warranty Applicable to New Flex 5 Laptops .......... 3

    C.    The Previously-Filed *Gisairo* Action ................................................... 5

    D.    Plaintiffs File the Initial and Amended Complaints in This Action ...................... 6

III.    ARGUMENT ..................................................................................................... 6

    A.    Legal Standard ...................................................................................... 6

    B.    The FAC's Consumer Protection Claims, Which All Sound in Fraud, Fail to Satisfy Rule 9(b)'s Heightened Pleading Standard and Otherwise Fail ................ 7

        1.    Khetani's GFBPA Claim (Count IV) Fails to Satisfy Rule 9(b) and he Failed to Provide Statutory Notice .................................................. 8

        2.    Eckert's MCPL Claim (Count V) Fails to Satisfy Rule 9(b) .................... 8

        3.    Robinson's MCPA Claim (Count VI) Fails to Satisfy Rule 9(b) and She Purchased her Flex 5 for a Business Purpose ................................. 9

        4.    Wang's NJCFA Claim (Count VII) Fails to Satisfy Rule 9(b) .................. 9

        5.    LaMarca's PUTPCPL Claim (Count IX) Fails to Satisfy Rule 9(b) ........ 10

        6.    MacKay's WCPA Claim (Count X) Fails to Satisfy Rule 9(b) ............... 10

        7.    Urquiza's New York General Business Law ("NYGBL") Claim Fails ... 11

    C.    The Purported Statements at Issue Are Nonactionable Puffery ............................ 12

    D.    Plaintiffs' Claim for Breach of Express Warranty (Count XII) Fails .................. 13

        1.    Plaintiffs have not adequately pleaded facts showing unconscionability. 13

        2.    Lenovo's Warranty does not fail its essential purpose. ........................... 16

    E.    Plaintiffs' Claim for Breach of Implied Warranty Fails as to Certain States ....... 17

    F.    Plaintiffs' Claim for Unjust Enrichment/Restitution (Count XIII) Fails ............. 18

    G.    Irvine's Remaining California Claims (Counts II-III) Fail .................................. 18

    H.    Plaintiffs Lack Standing on Claims Relating to the Yoga 730 .......................... 19

    I.    The Court Should Dismiss this Action under the First-Filed Rule ...................... 19

IV.    CONCLUSION ................................................................................................. 20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alvear v. Sandy Springs Toyota, Inc.*,
   332 Ga. App. 798 (2015) ..........................................................................................8

*Am. Nursery Prods. v. Indian Wells Orchards*,
   115 Wn.2d 217 (Wash. 1990) ................................................................................16

*Anderson v. Apple, Inc.*,
   No. 3:20-cv-02328-WHO, 2020 U.S. Dist. LEXIS 214085 (N.D. Cal. Nov. 16,
   2020) ......................................................................................................................11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................6, 7

*Babb v. Regal Marine Indus.*,
   No. 43934-4-II, 2014 Wash. LEXIS 394 (Wash. Ct. App. Feb. 20, 2014) ............12

*Beaty v. Ford Motor Co.*,
   No. C17-5201RLB, 2018 U.S. Dist. LEXIS 6848 (W.D. Wash. Jan. 6, 2018) ......14

*Benanav v. Healthy Paws Pet Ins., LLC*,
   No. C20-421-RSM, 2020 U.S. Dist. LEXIS 191497 (W.D. Wash. Oct. 15,
   2020) ......................................................................................................................12

*Berenblat v. Apple, Inc.*,
   No. 09-1649-JF, 2010 U.S. Dist. LEXIS 46052 (N.D. Cal. Apr. 7, 2010) ............14

*Brooks v. Branch Banking & Tr. Co.*,
   107 F. Supp. 3d 1290 (N.D. Ga. 2015) ..................................................................18

*Brothers v. Hewlett-Packard Co.*,
   No. C-06-02254 RMW, 2006 WL 3093685 (N.D. Cal. Oct. 31, 2006) .................16

*California Med. Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc*.,
   94 Cal. App. 4th 151, 114 Cal. Rptr. 2d 109 (2001).............................................18

*Carrigg v. Gen. R.V. Ctr., Inc*.,
   421 F. Supp. 3d 480 (E.D. Mich. 2019)..................................................................17

*Catanese v. Unilever*,
   774 F. Supp. 2d 684 (D.N.J. 2011) ........................................................................20

*Chavez v. Dole Food Co.*,
  836 F.3d 205 (3d Cir. 2016)................................................................................20

*Clark v. Aaron's, Inc.*,
  914 F. Supp. 2d 1301 (N.D. Ga. 2012) ...............................................................14

*Coleman v. Commonwealth Land Title Ins. Co.*,
  684 F. Supp. 2d 595 (E.D. Pa. 2010) ..................................................................10

*Cooper v. Samsung Elecs. Am., Inc.*,
  No. CIV.A.07-3853 JLL, 2008 WL 4513924 (D.N.J. Sept. 30, 2008), *aff'd*,
  374 F. App'x 250 (3d Cir. 2010) .........................................................................16

*Davidson v. Apple, Inc.*,
  No. 16-CV-4942-LHK, 2017 U.S. Dist. LEXIS 116436 (N.D. Cal. July 25,
  2017) ....................................................................................................................15

*Dunham v. Wells Fargo Bank*,
  No. 18CV08995PGSDEA, 2019 WL 9657790 (D.N.J. Nov. 6, 2019) .................18

*E.E.O.C. v. Univ. Of Pennsylvania*,
  850 F.2d 969 (3d Cir. 1988).................................................................................20

*Fid. Mortg. Corp., v. Seattle Times Co.*,
  213 F.R.D. 573 (W.D. Wash. 2003) ......................................................................7

*Fisher v. Honda N. Am., Inc.*,
  No. 13-cv-09285-JAK, 2014 U.S. Dist. LEXIS 84570 (C.D. Cal. June 12,
  2014) ....................................................................................................................15

*Frederico v. Home Depot*,
  507 F.3d 188 (3d Cir. 2007)...................................................................................7

*Fusco v. Uber Techs., Inc.*,
  No. CV 17-00036, 2018 WL 3618232 (E.D. Pa. July 27, 2018)..........................12

*Garden State Food Distributors, Inc. v. Sperry Rand Corp., Sperry Univac
  Division*,
  512 F. Supp. 975 (D.N.J. 1981) ...........................................................................16

*George v. Starbucks Corp.*,
  No. 19-CV-6185 (AJN), 2020 WL 6802955 (S.D.N.Y. Nov. 19, 2020)...............12

*Gotthelf v. Toyota Motor Sales, U.S.A., In.*,
  525 Fed. Appx. 94 (3d Cir. 2013) ........................................................................15

*Henderson v. Gandy*,
  280 Ga. 95 (2005) ..................................................................................................8

*Hillsborough Rare Coins, LLC v. ADT LLC*,
    No. CV 16-916 (MLC), 2017 WL 1731695 (D.N.J. May 2, 2017) .........................................17

*Hydro-Bloc USA LLC v. Wedi Corp.*,
    No. C15-671-TSZ, 2019 U.S. Dist. LEXIS 101909 (W.D. Wash. June 18,
    2019) .........................................................................................................................12, 13

*Johnson v. Mobil Oil Corp.*,
    415 F. Supp. 264 (E.D. Mich. 1976) ...................................................................................14

*Juday v. Merck & Co Inc*,
    799 Fed. App'x 137 (3d Cir. 2020)........................................................................................7

*Kanter v. Barella*,
    489 F.3d 170 (3d Cir. 2007)...................................................................................................7

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ...............................................................................................7

*Kozol v. JPay, inc.*,
    1 Wash. App. 2d 1050, 2017 WL 6452422 (Dec. 18, 2017) ...............................................15

*Levine v. Blue Shield of California*,
    189 Cal. App. 4th 1117 (2010) ............................................................................................18

*Linares v. Richards*,
    No. 08-CV-3243 (RRM), 2011 WL 13295120 (E.D.N.Y. June 23, 2011)............................18

*Lindsley v. American Honda Motor Co., Inc.*,
    No. CV 16-941, 2017 WL 2930962 (E.D. Pa. July 7, 2017)...........................................7, 10

*Louisiana-Pac. Corp. v. James Hardie Bldg. Prod., Inc.*,
    928 F.3d 514 (6th Cir. 2019) ..............................................................................................12

*Lynas v. Williams*,
    216 Ga. App. 434 (1995) .....................................................................................................12

*M.A. Mortenson Co., Inc. v. Timberline Soft. Corp.*,
    998 P.2d 305 (Wash. 2000)..................................................................................................14

*M.A. Mortenson Co., Inc. v. Timberline Software Corp.*,
    93 Wash. App. at 836-837 ...................................................................................................15

*MacLean v. Wipro Ltd.*,
    No. 20-3414 (FLW), 2020 U.S. Dist. LEXIS 227886 (D. N.J. Dec. 4, 2020)........................20

*Maltz v. Union Carbide Chemicals & Plastics Co.*,
    992 F. Supp. 286 (S.D.N.Y. 1998) .......................................................................................17

*Marr Enterprises, Inc. v. Lewis Refrigeration Co.*,
    556 F.2d 951, 955 (9th Cir. 1977) ........................................................16

*Martin Gisairo v. Lenovo*,
    Case No. 19-cv-2727 (Dist. Minn.) ......................................................2

*Martin v. Delaware Title Loans, Inc.*,
    No. CIV.A. 08-3322, 2008 WL 4443021 (E.D. Pa. Oct. 1, 2008)..........14

*Martin v. E. Lansing Sch. Dist.*,
    193 Mich. App. 166 (1992)...................................................................18

*Martin v. Mead Johnson Nutrition Co.*,
    No. CIV A 09-11609, 2010 WL 3928707 (D. Mass. Sept. 30, 2010) ......7

*Mayhall v. A.H. Pond. Co., Inc.*,
    129 Mich. App. 178 (1983)....................................................................9

*Meserole v. Sony Corp. of Am., Inc.*,
    No. 08 CV 8987 (RPP), 2009 WL 140393 (S.D.N.Y. May 18, 2009) ....16

*Midwest Printing v. AM Int'l*,
    108 F.3d 168 (8th Cir. 1997) ...............................................................16

*Millman v. FCA U.S., LLC*,
    No. SACV 18-06686 JVS, 2018 U.S. Dist. LEXIS 226613 (C.D. Cal. Aug. 30,
    2018) ....................................................................................................15

*Minnick v. Clearwire US, LLC*,
    683 F. Supp. 2d 1179 (W.D. Wash. 2010).............................................18

*Mulder v. Kohl's Department Stores, Inc.*,
    865 F.3d 17 .........................................................................................12

*Nat'l Prods. v. Gamber-Johnson LLC*,
    699 F. Supp. 2d 1232 (W.D. Wash. Mar. 15, 2010) ..............................13

*O&R Constr., LLC v. Dun & Bradstreet Credibility Corp.*,
    No. C12-2184-TSZ, 2017 U.S. Dist. LEXIS 210372 (W.D. Wash. Dec. 21,
    2017) ....................................................................................................14

*Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*,
    85 N.Y.2d 20 (1995) ...........................................................................11

*Ponzio v. Mercedes-Benz USA, LLC*,
    No. 18-12544, 2020 U.S. Dist. LEXIS 43287 (D. N.J. Mar. 11, 2020)...................15

*Popham v. Keystone RV Co.*,
  No. 3:15-cv-197-TLS, 2016 WL 4993393 (N.D. In. Sept. 19, 2016).....................................16

*Robertson v. Fleetwood Travel Trailers of California, Inc.*,
  144 Cal. App. 4th 785 (2006) ......................................................................................19

*Rubenstein v. Dovenmuehle Mortg., Inc.*,
  No. CIV.A.09-721, 2009 WL 3467769 (E.D. Pa. Oct. 28, 2009)............................................10

*Ruiz v. Bally Total Fitness Holding Corp.*,
  447 F. Supp. 2d 23 (D. Mass. 2006), aff'd, 496 F.3d 1 (1st Cir. 2007)...................................18

*S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*,
  181 F.3d 410 (3d Cir. 1999)...........................................................................................6

*Sablosky v. Gordon Co.*,
  73 N.Y.2d 133 (1989) ....................................................................................................14

*Sanchez v. Valencia Holding Co., LLC*,
  61 Cal.4th 899 (2015) ..................................................................................................14

*Semeran v. Blackberry Corp.*,
  No. 2:15-CV-00750-SDW-LDW, 2016 U.S. Dist. LEXIS 11864 (D. N.J. Feb.
  2, 2016) ...................................................................................................................20

*Silvio v. Ford Motor Co.*,
  109 Cal. App. 4th 1205 (2003) ....................................................................................19

*Sitogum Holdings, Inc. v. Ropes*,
  352 N.J.Super. 555 (Ch. Div. 2002) ............................................................................14

*Slobin v. Henry Ford Health Care*,
  469 Mich. 211 (2003) .....................................................................................................9

*Stires v. Carnival Corp.*,
  243 F. Supp. 2d 1313 (M.D. Fla. 2002).........................................................................7

*Storey v. Attends Healthcare Prod., Inc.*,
  No. 15-CV-13577, 2016 WL 3125210, at *9 ...................................................................7

*Stutman v. Chem. Bank*,
  95 N.Y.2d 24 (2000) .....................................................................................................11

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) .......................................................................................7

*Tatum v. Chrysler Grp. LLC.*,
  No. 10-CV-4269 DMC JAD, 2011 WL 1253847 (D.N.J. Mar. 28, 2011) ............................12

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) ..................................................................................................3

*Torgerson*,
  210 P.3d at 322 ......................................................................................................14

*Tri-State Consumer Ins. Co. v. LexisNexis Risk Sols. Inc.*,
  823 F. Supp. 2d 1306 (N.D. Ga. 2011) ..................................................................17

*U. S. Leasing Corp. v. Stephenson Equip., Inc.*,
  230 Pa. Super. 181 (1974) ......................................................................................17

*United States v. Pearlstein*,
  576 F.2d 531 (3d Cir. 1978) ...................................................................................13

*Vitt v. Apple Computer, Inc.*,
  469 F. App'x 605 (9th Cir. 2012) .....................................................................12, 13

*Wilson Area Sch. Dist. v. Skepton*,
  586 Pa. 513 (2006) ..................................................................................................18

*Wu v. Sunrider Corp.*,
  793 F. App'x 507 (9th Cir. 2019) ...........................................................................18

*Zapatha v. Dairy Mart, Inc.*,
  381 Mass. 284 (1980) .............................................................................................14

**Statutes**

13 Pa.C.S.A. § 2316(b) ......................................................................................................17

Cal. Civ. Code § 1793.2(d)(1) ...........................................................................................19

Cal. Code Civ. Proc. §339(1) .............................................................................................18

Ga. Code Ann. § 10-1-391(a) ...............................................................................................8

Ga. Code Ann. § 10-1-399(b) ...............................................................................................8

Ga. Code Ann. § 11-2-316(2) .............................................................................................17

Mich. Comp. Laws § 440.2316(2) ......................................................................................17

N.J.S.A. 12A:2-316(2) ........................................................................................................17

NY UCC § 2-316(2) .............................................................................................................17

**Other Authorities**

Fed. R. Civ. P. 9(b) ..............................................................................................................7

Fed. R. Civ. P. 12(b)(6) ........................................................................................................6

https://support.microsoft.com/en-us/help/4493662 .............................................................15

https://www.samsung.com/us/support/service/warranty/XE500C13-K02US .............................15

*Latimer v. Medtronic, Inc., et al.*,
    Sup. Ct. of Georgia, Fulton Cty., No. 2014-cv-24587, Order Grtg. Mot. to
    Dismiss Cmpl. at 23 n.7 ....................................................................................................7

*The Law of Product Warranties*, para. 8.04 ...............................................................16

## I.    INTRODUCTION

In this action, Plaintiffs seek to represent a putative nationwide class and 8 statewide classes of purchasers of two models of Lenovo 2-in-1 laptops, only one of which Plaintiffs actually purchased: the Flex 5.[1] Plaintiffs allege they experienced issues with their laptops' displays, all of which are covered by a widely disseminated, industry-standard express one-year limited Warranty. Plaintiffs contend that Lenovo should have provided free out-of-warranty repairs to fix their alleged display issues because of vague alleged misrepresentations that render the Warranty unconscionable and give rise to consumer protection claims. Plaintiff's claims fall flat for several fundamental, irremediable reasons.

First, Plaintiffs fail to satisfy Rule 9(b)'s heightened pleading standard on their fraud-based consumer protection claims. For example, Plaintiffs do not plead with particularity *when* and *what* statements they actually saw regarding the Flex 5 before their purchase of that device—and *how* they relied on them. Instead, Plaintiffs recite vague, subjective, and immeasurable statements that are mere nonactionable puffery.

Second, Plaintiffs' breach of express warranty claim similarly relies on vague allegations of purported misrepresentations that do not even approach the required showing of facts to establish procedural and substantive unconscionability, which is fatal to this claim.

Third, Plaintiffs' breach of implied warranty claim as to several State Subclasses fails because such claim was expressly disclaimed in Lenovo's industry-standard express warranty.

Fourth, Plaintiffs' unjust enrichment claim similarly fails because Plaintiffs admit

---

[1] This brief uses the following definitions: Defendant Lenovo (United States) Inc. ("Lenovo"); Plaintiffs Anthony MacKay ("MacKay"), Arion Robinson ("Robinson"), Aziz Khetani ("Khetani"), Doug LaMarca ("LaMarca"), John Irvine ("Irvine"), Nicolas Urquiza ("Urquiza"), Patrick Eckert ("Eckert"), and Ye Wang ("Wang") (collectively, the "Plaintiffs"); First Amended

Lenovo's express warranty governs and, in fact, affirm that contract by suing for its breach.

Fifth, Plaintiffs' claims under the California's Song-Beverly Act fail because the California-based plaintiff (Irvine) never notified Lenovo of his alleged display issue, nor provided Lenovo a reasonable opportunity to repair the alleged defect, as required under the Act.

Sixth, Plaintiffs all lack standing to pursue claims based on alleged defects in products they admittedly did not purchase—the Yoga 730.

Finally, Plaintiffs are already members of a nearly identical putative class in a similar action that their own attorneys filed in October 2019 in the District of Minnesota entitled *Gisairo v. Lenovo*, Case No. 19-cv-2727 (WMW/LIB) (Dist. Minn.) ("*Gisairo* Action"). Given the substantial overlap in the cases, this action appears to be an attempt at forum shopping that, if left unchecked, will waste judicial resources and could lead to inconsistent results.

Accordingly, for these reasons and those set forth below, given that this is Plaintiffs' second failed attempt to plead these claims, the Court should dismiss them with prejudice.

## II.   FACTUAL ALLEGATIONS[2]

### A.   Plaintiffs Purchase Flex 5 Laptops

Plaintiffs—who are residents of 8 different states[3]—purchased Lenovo's Flex 5 laptop from a variety of retailers. Plaintiff Urquiza purchased a ***used*** Flex 5 from Amazon, which he describes as "Certified Refurbished," but does not allege that *Lenovo* certified it. FAC ¶¶38, 99.

Plaintiffs vaguely plead they saw some, unidentified representations about the Flex 5, but

---

Complaint ("FAC"); Yoga 520/Flex 5 Laptop ("Flex 5"); and Lenovo's express one-year limited warranty (the "Warranty").

[2] Lenovo recites the FAC's allegations as is required under the Rule 12(b)(6) standard, but expressly disputes such allegations.

[3] MacKay resides in Washington; Robinson resides in Michigan; Khetani resides in Georgia; LaMarca resides in Pennsylvania; Irvine resides in California; Urquiza resides in New York, Eckert resides in Massachusetts; and Wang resides in New Jersey.

consistently fail to allege *when* they saw such representations, *where* they saw them, *what* specific representations they saw, *how* they relied on such representations, and (to the extent their claims are based on omissions) *how* the representations they saw were rendered materially misleading. Notably, some of the Plaintiffs admit that they purchased their laptops based on a mix of factors—not simply vague representations—such as Lenovo's "reputation" for making "durable products," that the Flex 5 was a "cost-effective option," and had certain features, such as its processor, high resolution screen, and viewing options.

### B.  Lenovo's Limited One-Year Warranty Applicable to New Flex 5 Laptops

The new Flex 5 laptops purchased by Plaintiffs were covered by a one-year express limited Warranty.[4] *See* FAC. ¶¶15, 54 n.2.  The Warranty provides:

- ☐ "This Lenovo Limited Warranty applies only to Lenovo hardware products you purchased for your own use and not for resale."

- ☐ "The warranty period for the product starts on the original date of purchase as shown on your sales receipt or invoice or as may be otherwise specified by Lenovo."

- ☐ "Lenovo warrants that each Lenovo hardware product that you purchase is free from defects in materials and workmanship under normal use during the warranty period."

- ☐ "If the product does not function as warranted during the warranty period, you may obtain warranty service by contacting Lenovo or a Lenovo approved Service Provider."

- ☐ "Only unaltered Lenovo products and parts are eligible for replacement."

- ☐ "If the Service Provider determines that it is unable to either repair or replace your product, your sole remedy under the Limited Warranty is to return the product to your place of purchase or to Lenovo for a refund of your purchase price."

- ☐ "This warranty does not cover the following:

  . . .

---

[4] The Court can consider the limited warranty because it is expressly incorporated by reference, quoted, and linked directly in the FAC.  ¶54, nn. 5-6 (citing to https://download.lenovo.com/pccbbs/thinkcentre_pdf/l505-0010-02_en_update.pdf). *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); Caponi Decl. Ex A.

• failure or damage resulting from misuse, abuse, accident, modification, unsuitable physical or operating environment, natural disasters, power surges, improper maintenance, or use not in accordance with product information materials

• damage caused by a non-authorized service provider"

☐ **"THIS WARRANTY IS YOUR EXCLUSIVE WARRANTY AND REPLACES ALL OTHER WARRANTIES OR CONDITIONS, EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, ANY IMPLIED WARRANTIES OR CONDITIONS OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE."** Caponi Decl., Ex A (emphasis in original).

MacKay purchased his Flex 5 on August 30, 2017, so his Warranty expired on August 30, 2018. FAC ¶61. He sent his laptop to Lenovo for repair in June 2018, and again in January 2019—*after* his Warranty expired. *Id.* Lenovo repaired his laptop each time, but the screen issues resumed. *Id.* MacKay contacted Lenovo in February 2019, but was told his Warranty expired. *Id.* ¶65.

Robinson purchased her Flex 5 on August 20, 2018, so her Warranty expired on August 20, 2019. *Id.* ¶67. Robinson alleges her display began flickering on February 10, 2020 (*Id.* ¶ 20)—*after* her Warranty expired.  She then waited until July 23, 2020 to contact Lenovo's customer support and was told her Warranty expired. *Id.* ¶71.

Khetani purchased his Flex 5 on March 9, 2018, so his Warranty expired on March 9, 2019. *Id.* ¶75. He allegedly first experienced a flickering issue in June, 2019 (*Id.* ¶78)—*after* his Warranty expired. He then waited until July 15, 2020 to contact Lenovo's customer support (*Id.* ¶79), and was told on July 21, 2020 his Warranty expired (*Id.* ¶80).

LaMarca purchased his Flex 5 on March 3, 2018, so his Warranty expired on March 3, 2019. *Id.* ¶84. LaMarca alleges his daughter reported a screen flickering issue to him in April 2019 (*Id.* ¶87)—*after* his Warranty expired. He then waited until July 2019 to call Lenovo's service line and was told that his Warranty expired. *Id.* ¶88.

Irvine purchased his Flex 5 on August 26, 2018, so his Warranty expired on August 26, 2019. *Id*. ¶91. He admits he never contacted Lenovo about screen issues.  *Id*. ¶¶91-98.  He oddly alleges he "thought it would be fruitless" to notify Lenovo of the problem because it failed to notice the issue by itself while remotely accessing his Flex 5 to address unrelated issues. *Id*.

Eckert purchased his Flex 5 on August 18, 2018, so his Warranty expired on August 18, 2019. *Id*. ¶108. Eckert alleges his display began flickering four months after purchase (*Id.* ¶111), but he waited until three days after his Warranty expired to contact Lenovo (*Id.* ¶112).

Wang purchased his Flex 5 on August 10, 2017, so his Warranty expired on August 10, 2018. *Id*. ¶116. Wang alleges his screen began flickering in March 2020. *Id.* ¶ 118. He attempted to call Lenovo's support center at some unspecified time, but could not due to the COVID pandemic, and was then told via online chat that his warranty expired. *Id.* ¶119.

Urquiza purchased a used Flex 5 from Amazon, with a 90-day warranty ***from Amazon, not Lenovo***. *Id*. ¶99. By its terms, Lenovo's Warranty did not apply to this altered, used, and refurbished Flex 5. Even if it did, the Warranty would have expired one year after his July 30, 2018 purchase. *Id*. He alleges his display began flickering in April 2019 and he had two different third parties repair it, but does not allege that either was an authorized Lenovo service provider. *Id.* ¶¶103-104. At some unidentified time, he contacted Lenovo's customer support "chat" and was advised to call the support line, but never did.  *Id*.

## C.    The Previously-Filed *Gisairo* Action

On October 17, 2019, Plaintiffs' counsel in this case filed the *Gisairo* Action against Lenovo—the two actions are similar, assert the same breach of warranty and consumer protection claims (albeit under different state's laws), and Plaintiffs are members of the putative

*Gisairo* class. *Compare* Caponi Decl. Exs. D & E[5] *with* FAC; Caponi Decl. Ex. B & I. On February 2, 2021, the Court granted in part Lenovo's motion to dismiss the Amended Complaint in the *Gisairo* Action, dismissing the Minnesota consumer protection, Minnesota deceptive trade practices, and unjust enrichment claims. Caponi Decl. Ex. G.  The plaintiff's express and implied warranty claims, which are nearly identical to the warranty claims here, remain.  *Id.* Ex. D-G, I.

### D.    Plaintiffs File the Initial and Amended Complaints in This Action

Despite being represented by the same counsel, his membership in the putative class in the *Gisairo* Action, and the numerous defects in the complaint in that action, MacKay filed this copycat action on August 28, 2020, three months after the Court held oral argument on Lenovo's motion to dismiss in the *Gisairo* Action. *See generally* FAC; Caponi Decl. Ex. B, D-F, I. After Lenovo filed a motion to dismiss the initial Complaint, Plaintiffs filed the FAC adding 7 additional Plaintiffs and numerous additional claims, but failed to add specific allegations to satisfy Rule 9(b). Plaintiffs' actions—including filing this action despite the existence of the *Gisairo* Action and waiting to add 7 additional Plaintiffs until ***after*** Lenovo moved to dismiss the initial Complaint—have resulted in a waste of time and a substantial amount of resources.

## III.    ARGUMENT

### A.    Legal Standard

A Rule 12(b)(6) motion requires the court to review the complaint to determine whether it states a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In order to survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[5] Lenovo requests judicial notice of Caponi Declaration Exhibits D through H not for the truth of any statement therein, but for their existence *See, e.g., S. Cross Overseas Agencies, Inc. v. Wah*

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content sufficient for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court will assume the truth of the well-pleaded factual allegations in the complaint, it will not assume the truth of legal conclusions and conclusory statements. *Iqbal*, 556 U.S. at 678-79.

### B. The FAC's Consumer Protection Claims, Which All Sound in Fraud, Fail to Satisfy Rule 9(b)'s Heightened Pleading Standard and Otherwise Fail

Rule 9(b) requires a plaintiff to plead fraud with particularity. Fed. R. Civ. P. 9(b). To satisfy this standard, a plaintiff must include the details of the alleged fraud (whether by misrepresentation or omission) such as the "who, what, when, where, and how" of the alleged fraud. *Kanter v. Barella*, 489 F.3d 170, 175 (3d Cir. 2007).[6]

Here, Plaintiffs' Counts IV, V, VI, VII, IX, and X are all based on alleged fraudulent conduct and omissions.[7] Thus, Plaintiffs must satisfy Rule 9(b).[8] This, they have not done.

---

*Kwong Shipping Grp. Ltd.,* 181 F.3d 410, 426 (3d Cir. 1999); *Juday v. Merck & Co Inc*, 799 Fed. App'x 137, 138 (3d Cir. 2020) (judicial notice of filings in suit involving one of the parties).

[6] *See e.g.*, *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007).

[7] Plaintiffs cannot rely on general allegations regarding Lenovo's marketing efforts (FAC ¶¶4-5, 24, 26, 29) because, like the initial Complaint, the FAC fails to allege *which* Plaintiff saw *which* of the alleged representations, *when* they saw them, *how* it impacted their decision to purchase, and what was seen and rendered misleading relating to non-parties alleged statements about problems with Lenovo products. FAC ¶¶ 121-139.

[8] *See, e.g., Martin v. Mead Johnson Nutrition Co*., No. CIV A 09-11609, 2010 WL 3928707, at *3 (D. Mass. Sept. 30, 2010) (applying Rule 9(b) to MCPL claim); *see also*, *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (same as to NJCFA claim); *Lindsley v. American Honda Motor Co., Inc.*, No. CV 16-941, 2017 WL 2930962, at *8 (E.D. Pa. July 7, 2017) (same as to PUTPCPL claim); *Storey v. Attends Healthcare Prod.*, Inc., No. 15-CV-13577, 2016 WL 3125210, at *9 (E.D. Mich. June 3, 2016 (same as to MCPA claim); *Fid. Mortg. Corp.*, *v. Seattle Times Co.*, 213 F.R.D. 573, 575 (W.D. Wash. 2003) (same as to WCPA claim); *Stires v. Carnival Corp.*, 243 F. Supp. 2d 1313, 1322 (M.D. Fla. 2002); *Latimer v. Medtronic, Inc., et al.*, Sup. Ct. of Georgia, Fulton Cty., No. 2014-cv-24587, Order Grtg. Mot. to Dismiss Cmpl. at 23 n.7 (applying Rule 9(b) analog to GFBPA claim, consistent with *Stires*); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) (dismissing omissions-based claim under Rule 9(b)); Caponi Decl. Ex. H.

1.      Khetani's GFBPA Claim (Count IV) Fails to Satisfy Rule 9(b) and he
        Failed to Provide Statutory Notice

Plaintiffs fail to satisfy Rule 9(b) as to the GFBPA claim. The FAC alleges in general terms that Lenovo's "practices, acts, policies, and course of conduct, including its omissions" induced Khetani to purchase his Flex 5. FAC ¶190. It also alleges Khetani saw "Lenovo's primary representations of the laptop's ability to turn into a tablet and that it had a touch screen" and "the Flex 5's good build quality, because of the metal material used." *Id.* ¶76. This is not enough.  Plaintiffs have failed to allege *when* Khetani saw these representations, *how* they were false, or *how* Khetani relied on them to his detriment. *Id.* ¶193(a)-(e). In fact, the FAC admits that Lenovo's "reputation," and not any alleged misrepresentations, "led Mr. Khetani to purchase the Flex 5 over competitor offerings." *Id.* ¶76.

Additionally, the FAC fails to allege, and Lenovo did not receive, the 30-day notice as required by the GFBPA. *See* Ga. Code Ann. § 10-1-399(b).  This is fatal to Count IV.  *See, e.g.*, *Alvear v. Sandy Springs Toyota, Inc.,* 332 Ga. App. 798, 803 (2015) (affirming grant of summary judgment on the grounds that plaintiff failed to provide notice required by section 10-1-399(b).)

Further, Lenovo no longer sells the Flex 5, and so there is no practice to be stopped.  *See* Ga. Code Ann. § 10-1-391(a).  As such, Count IV does not affect the public interest and is not covered by the GFBPA. *See Henderson v. Gandy*, 280 Ga. 95, 96 (2005).

For these reasons, Count IV should be dismissed with prejudice.

2.      Eckert's MCPL Claim (Count V) Fails to Satisfy Rule 9(b)

Plaintiffs fail to satisfy Rule 9(b) as to the MCPL claim.  Eckert allegedly purchased a Flex 5 because he needed a traditional computer for his own use, but also one that could become a tablet for his son's use. FAC ¶110. He does not allege *what*, if any, misrepresentations he relied on in purchasing his Flex 5, just that its hinge made it a suitable choice. *Id*. The FAC vaguely

alleges that Lenovo represented the Flex 5 had characteristics or was of a standard, quality, or grade that it was not (*Id.* ¶207(a)-(b)) and that Lenovo misled Eckert by "intentionally and knowingly misreprent[ing] material facts." *Id.* ¶208. Nowhere does the FAC state *what* these specific misrepresentations were, *when* Eckert saw them, or *how* he relied on them.  As such, Count V should be dismissed with prejudice.

<p style="padding-left: 2em;">3.     <u>Robinson's MCPA Claim (Count VI) Fails to Satisfy Rule 9(b) and She Purchased her Flex 5 for a Business Purpose</u></p>

Plaintiffs fail to satisfy Rule 9(b) as to the MCPA claim. *See Mayhall v. A.H. Pond. Co., Inc.*, 129 Mich. App. 178, 182 (1983). Instead, Robinson relies on vague allegations that Lenovo "misrepresented the standard, quality or grade of the [Flex 5]" (FAC¶ 220) and "misrepresented and omitted facts regarding the defective displays" (*Id.* ¶223). Robinson fails to specify *what* these alleged misrepresentations were, *when* she saw them, or *how* they impacted her decision to purchase. Indeed, the only pre-purchase "representation" Robinson alleges she saw was that it was a 2-in-1 device. *Id.* ¶67. Importantly, Robinson does not allege *when* or *where* she saw this "representation," that it was made by Lenovo, or *how* it was false. Moreover, Robinson admits she purchased the Flex 5, rather than a competitor's product, because she could split up payments. *Id.* ¶68. Robinson also purchased her Flex 5 for business purposes (*Id.* ¶¶34, 73), which is not covered by the MCPA. *Slobin v. Henry Ford Health Care*, 469 Mich. 211, 216 (2003).  For these reasons, Count VI should be dismissed with prejudice.

<p style="padding-left: 2em;">4.     <u>Wang's NJCFA Claim (Count VII) Fails to Satisfy Rule 9(b)</u></p>

Plaintiffs fail to satisfy Rule 9(b) as to the NJCFA claim. The FAC fails to allege what, if any, specific misrepresentations Wang saw and relied on in purchasing a Flex 5. FAC ¶¶116-120. Instead, Wang relies on general allegations, such as that he was "drawn to the device for being a cost-effective option," that "[t]he device's 2-in-1 functionality also informed [his]

<p style="text-align: center;">9</p>

purchasing decision," and that he "saw the device's screen could rotate 360°." *Id.* ¶116. He fails to allege *when* he saw these "representations," *who* made them, *how* they were false, or *how* they impacted his actions. *Id.* ¶¶116-120. As such, Count VII should be dismissed with prejudice.

### 5.  LaMarca's PUTPCPL Claim (Count IX) Fails to Satisfy Rule 9(b)

LaMarca alleges that Lenovo violated four (4) sections of the PUTPCP. The first three of these are based on alleged misrepresentations, sound in fraud, and are subject to Rule 9(b). *See Coleman v. Commonwealth Land Title Ins. Co.,* 684 F. Supp. 2d 595, 619 (E.D. Pa. 2010); *see Rubenstein v. Dovenmuehle Mortg., Inc.,* No. CIV.A.09-721, 2009 WL 3467769, at *5 (E.D. Pa. Oct. 28, 2009) (requiring fraud claims under PUTPCPL to satisfy Rule 9(b).). The fourth allegation as to section (xxi) is based on the same allegations (or lack thereof) so also sounds in fraud, however even if it is based on "deceptive practices," LaMarca is still required to allege facts sufficient to show a deceptive act, intentionally giving a false impression, that is likely to deceive a reasonable consumer.  *Rubenstein*, 2009 WL 3467769, at *6; *see also Lindsley v. Am. Honda Motor Co., Inc.*, No. CV 16-941, 2017 WL 2930962, at *8 (E.D. Pa. July 7, 2017).

The only "representation" LaMarca alleges he saw is that "the Flex 5 was able to be used in laptop mode, tent mode, presentation mode, and tablet mode." FAC ¶86. LaMarca thereafter relies on vague allegations, that Lenovo made "affirmative misrepresentations" (*Id.* ¶273) and "knowing[] misrepresent[ations] [of] material facts" (*Id.* ¶270). LaMarca does not specify *when* he saw these alleged representations, *how* they were false, and *how* he relied on them, thus failing to satisfy Rule 9(b). As such, Count IX should be dismissed with prejudice.

### 6.  MacKay's WCPA Claim (Count X) Fails to Satisfy Rule 9(b)

Plaintiffs fail to plead facts to satisfy Rule 9(b) as to the WCPA claim.  The FAC alleges generally that MacKay "saw or heard" representations "prior to purchasing" his Flex 5, but does

not identify *what* those specific representations were, *how* they were false, and *how* he relied on them to his detriment.  FAC ¶¶7, 8, 61. MacKay also makes vague allegations that are either undated, unrelated to the Flex 5, or dated *after* he bought his Flex 5 in August 2017.[9] *Id.* ¶¶4, n.1, 5, n. 2. This is simply not enough.[10] As such, Count X should be dismissed with prejudice.

       7.     <u>Urquiza's New York General Business Law ("NYGBL") Claim Fails</u>

To succeed on a claim for deceptive acts or practices in the conduct of business under NYGBL Law Section 349, a plaintiff must show that: (1) the challenged act or practice was consumer-oriented; (2) it was misleading in a material way; and (3) plaintiff suffered injury as a result of the deceptive act. *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000). The NYGBL is limited in scope and applies only to deceptive acts "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26 (1995). Urquiza has failed to make such allegations.

Urquiza fails to allege any representations or omissions by Lenovo, or that his purchase of a refurbished Flex 5 falls within the scope of NYGBL. Urquiza alleges generally that he saw advertisements (images of the Flex 5 in different positions) and reviews by third parties, on third party websites.  FAC ¶100-101. Even if Urquiza alleged Lenovo had made these representations (which he does not) there is no explanation as to why they were "likely to mislead a reasonable consumer," particularly one purchasing an admittedly altered Lenovo product.

The FAC's remaining allegations are so vague they fail to adequately allege any deceptive acts. For example, Urquiza generally alleges that Lenovo "concealed or suppressed

---

[9] *See, e.g.*, *Anderson v. Apple, Inc.*, No. 3:20-cv-02328-WHO, 2020 U.S. Dist. LEXIS 214085, at *50 (N.D. Cal. Nov. 16, 2020) ("[a] plaintiff who never sees the partial misrepresentation has not been misled.").

material facts concerning the Defect affecting the displays of the Class Laptops," but fails to allege how Lenovo's *actual representations or omissions* were misleading to a reasonable consumer. FAC ¶252. In fact, it is unclear if Urquiza ever checked with Lenovo to determine if the alleged third-party representations were complete and accurate or that they applied to a used Flex 5. *Id.* ¶¶99-107, 248-260. For these reasons, Count VIII should be dismissed with prejudice.

### C.   The Purported Statements at Issue Are Nonactionable Puffery.

Even if Plaintiffs had satisfied Rule 9(b) and the state statutes (they have not), Counts IV-X still fail because they rely solely on nonactionable puffery.[11] Puffery includes "exaggerated, blustering, and/or boastful statements on which no reasonably buyer would be justified in relying" and "general claims of superiority over comparable products that are so vague they cannot be understood as anything more than mere opinions." *Hydro-Bloc USA LLC v. Wedi Corp.*, No. C15-671-TSZ, 2019 U.S. Dist. LEXIS 101909, at *15 (W.D. Wash. June 18, 2019).

The alleged statements regarding the Flex 5 that Plaintiffs do mention in the FAC (without actually alleging when, if at all, they saw such statements, or how they relied on them to their detriment) are precisely the kind of nonactionable puffery that cannot form the basis for a

---

[10] *See, e.g.*, *Benanav v. Healthy Paws Pet Ins., LLC*, No. C20-421-RSM, 2020 U.S. Dist. LEXIS 191497, at *17 (W.D. Wash. Oct. 15, 2020) (dismissing WCPA claim where "vague wording" made it unclear which of the alleged pre-purchase "misrepresentations they were exposed to").

[11] *See Babb v. Regal Marine Indus.*, No. 43934-4-II, 2014 Wash. LEXIS 394, at *8 (Wash. Ct. App. Feb. 20, 2014) (dismissing WCPA claim based on puffery); *see also Vitt v. Apple Computer, Inc*., 469 F. App'x 605, 607 (9th Cir. 2012) (puffery non-actionable under California's consumer protection law); *Lynas v. Williams,* 216 Ga. App. 434, 437 (1995) (same as to GFPBA); *Mulder v. Kohl's Department Stores, Inc.*, 865 F.3d 17, 22 n.5 (same as to MCPL); *Louisiana-Pac. Corp. v. James Hardie Bldg. Prod., Inc*., 928 F.3d 514, 519 (6th Cir. 2019) ("Puffery protects statements that reasonable consumers would not interpret as reliably factual."); *Tatum v. Chrysler Grp. LLC.*, No. 10-CV-4269 DMC JAD, 2011 WL 1253847, at *4 (D.N.J. Mar. 28, 2011) (statement that car was durable and reliable was puffery); *George v. Starbucks Corp.,* No. 19-CV-6185 (AJN), 2020 WL 6802955, at *2 (S.D.N.Y. Nov. 19, 2020) (dismissing NYGBL claim based on puffery); *Fusco v. Uber Techs., Inc.*, No. CV 17-00036, 2018 WL 3618232, at *7 (E.D. Pa. July 27, 2018) (dismissing PUTPCPL based on puffery).

consumer protection claim. These statements fall into a few categories: that the Flex 5 had (1) a "durable" and "versatile 360-degree hinge"; (2) that allowed users to find the "perfect viewing angle"; and (3) could "easily flip into tablet mode . . . [and] tent mode."[12]  FAC ¶¶4, 51.

The first statement regarding the "durability" and "versatility" of the Flex 5 is puffery because its truth or falsity cannot be precisely determined. *See, e.g.*, *Vitt*, 469 Fed. App'x at 607 (statements that laptops were "durable," reliable," "high performance," and "high value," were "inherently vague"). Similarly, the second statements—that users could find the "perfect viewing angle" or view the screen "from nearly every angle—are subjective and vague statements that depend on an individual's interpretation.[13] The third statement—that the Flex 5 could "easily flip into tablet mode . . . [and] tent mode"—is too subjective and immeasurable to be actionable.[14] Indeed, terms such as "easier/easiest" are "[s]uch vague and general comments [that] fall squarely within the definition of 'puffery.'" *See, e.g., Hydro-Bloc*, 2019 U.S. Dist. LEXIS, at 18. Accordingly, for this additional reason, Counts IV-X should be dismissed with prejudice.

### D.   Plaintiffs' Claim for Breach of Express Warranty (Count XII) Fails

#### 1.   <u>Plaintiffs have not adequately pleaded facts showing unconscionability.</u>

Plaintiffs admit their laptops were out-of-warranty, but insist the Warranty was nonetheless breached based on conclusory allegations of unconscionability. FAC ¶ 303-305. Not so. Procedural unconscionability focuses on "the manner in which the contract was entered,

---

[12] The allegations regarding the Yoga 730 are irrelevant given that Plaintiffs did not purchase this product and, thus, could not have relied on misrepresentations and omissions based thereon.
[13] Superlative statements such as "perfect" and "best" are consistently held to be puffery because they are not verifiable. *See, e.g., Vitt*, 469 F. App'x at 607 ("ideal student laptop" was puffery); *see also Hydro-Blok*, 2019 U.S. Dist. LEXIS 101909, at *15 ("best technology" was puffery); *Nat'l Prods. v. Gamber-Johnson LLC*, 699 F. Supp. 2d 1232, 1240 (W.D. Wash. Mar. 15, 2010) (product "offers the best chance at deterring theft" was puffery); *United States v. Pearlstein*, 576 F.2d 531, 540 n. 3 (3d Cir. 1978) (nationally known and product was "finest" was mere puffing).

whether each party had a reasonable opportunity to understand the terms of the contract, and whether the important terms [were] hidden in a maze of fine print," (*M.A. Mortenson Co., Inc. v. Timberline Soft. Corp.*, 998 P.2d 305, 315 (Wash. 2000) (citations omitted)), while substantive unconscionability focuses on unfairness that shocks the conscience or is "monstrously harsh and exceedingly calloused," *Torgerson*, 210 P.3d at 322 (citations omitted).[15] Lenovo's industry-standard Warranty is neither procedurally nor substantively unconscionable.

Plaintiffs fail to allege facts showing procedural unconscionability. Plaintiffs do not allege they were compelled to purchase a Flex 5 or that they could not have chosen to extend the Warranty.[16] In fact, Plaintiffs allege just the opposite—they researched the Flex 5 (FAC ¶¶61, 76, 100), took their time considering other options (*Id.* ¶¶68, 76, 86, 92, 101), and ultimately chose the Flex 5 because they believed it would suit their respective needs (*Id.* ¶¶61, 67-68, 76, 86, 92, 101, 110, 116). Given that Lenovo's Warranty is widely available (including on its website), it is implausible that Plaintiffs did not know about it and had no meaningful choice.

Plaintiffs also fail to allege substantive unconscionability. The allegation that "Lenovo knew or should have known that the Class Laptops were defective at the time of sale and would fail well before their useful lives" is insufficient without more, such as changing the warranty to

---

[14] *See, e.g., O&R Constr., LLC v. Dun & Bradstreet Credibility Corp.*, No. C12-2184-TSZ, 2017 U.S. Dist. LEXIS 210372, at *16 (W.D. Wash. Dec. 21, 2017) (subjective statement is puffery).

[15] *See also Sanchez v. Valencia Holding Co., LLC*, 61 Cal.4th 899, 910 (2015); *Clark v. Aaron's, Inc.*, 914 F. Supp. 2d 1301, 1310-11 (N.D. Ga. 2012); *Zapata v. Dairy Mart, Inc.*, 381 Mass. 284, 294 n.13 (1980); *Johnson v. Mobil Oil Corp.*, 415 F. Supp. 264, 268 (E.D. Mich. 1976); *Sitogum Holdings, Inc. v. Ropes*, 352 N.J.Super. 555, 564 (Ch. Div. 2002); *Sablosky v. Gordon Co.*, 73 N.Y.2d 133, 138-39 (1989); *Martin v. Delaware Title Loans, Inc.*, No. CIV.A. 08-3322, 2008 WL 4443021, at *3 (E.D. Pa. Oct. 1, 2008).

[16] *See, e.g. Berenblat v. Apple, Inc.*, No. 09-1649-JF, 2010 U.S. Dist. LEXIS 46052, at *14-15 (N.D. Cal. Apr. 7, 2010) (no unconscionability where consumers could buy laptops from other sellers or buy additional warranty); *Beaty v. Ford Motor Co.*, No. C17-5201RLB, 2018 U.S. Dist. LEXIS 6848, at *6 (W.D. Wash. Jan. 6, 2018) (same).

avoid covering the defect.[17] *Id.* ¶306. Further, as argued above, the facts allegedly showing knowledge (i.e., unverified online complaints) are dated *after* Plaintiffs' purchases. *Id.* ¶¶121-132. Plaintiffs also fail to allege facts showing that the purported defect would manifest *only* after the warranty period.[18] It is well-settled, that the mere "fact that the warranties on the products would eventually expire does not render them unconscionable." *Kozol v. JPay, inc.*, 1 Wash. App. 2d 1050, 2017 WL 6452422 at *4 (Dec. 18, 2017).

The court's decision in *M.A. Mortenson Co., Inc. v. Timberline Software Corp.* is instructive. In that case, the court held that the limitations of remedies provision in a shrinkwrap license included with computer software was not substantively unconscionable. 93 Wash. App. at 836-837. The court concluded that the limitations of remedies provision were standard in the industry and helped make the software more affordable. *Id.* The same is true here. Lenovo's Warranty terms have remained unchanged for years,[19] and are standard in the industry.[20] In fact,

---

[17] *See, e.g.*, *Millman v. FCA U.S., LLC*, No. SACV 18-06686 JVS, 2018 U.S. Dist. LEXIS 226613, at *17-18 (C.D. Cal. Aug. 30, 2018) (allegation that defendant "knew or should have known that the Class Vehicles were defective at the time of sale and that the wiring systems would fail well before their useful lives" did not show unconscionability); *Gotthelf v. Toyota Motor Sales, U.S.A., In.*, 525 Fed. Appx. 94, 104 (3d Cir. 2013) (no factual allegation showing knowledge and concealment of defect); *Davidson v. Apple, Inc.*, No. 16-CV-4942-LHK, 2017 U.S. Dist. LEXIS 116436, at *76-77 (N.D. Cal. July 25, 2017) (allegation that defendant knew of defect did not render one-year warranty unconscionable); *Ponzio v. Mercedes-Benz USA, LLC*, No. 18-12544, 2020 U.S. Dist. LEXIS 43287, at *122 (D. N.J. Mar. 11, 2020) ("[M]erely alleging that a defendant knew of a defect, and knew that defect would arise after the time limitations of a warranty, but concealed that information, without more, fails to establish unconscionability.") (emphasis in original).

[18] *See, e.g.*, *Fisher v. Honda N. Am., Inc.*, No. 13-cv-09285-JAK, 2014 U.S. Dist. LEXIS 84570, at *24-25 (C.D. Cal. June 12, 2014) (no unconscionability where no showing defect would manifest only after warranty period).

[19] The following link is the page that lists the limited warranty down load link in the FAC, https://support.lenovo.com/us/en/solutions/ht100140.

[20] This language is commonplace in the industry for two-in-one laptops. *See, e.g.*, https://www.samsung.com/us/support/service/warranty/XE500C13-K02US (limited one-year warranty for Samsung Chromebook); https://support.microsoft.com/en-us/help/4493662 (limited one-year warranty for Microsoft Surface).

nearly identical warranty language has been upheld against unconscionability challenges by other courts.[21]  As such, Count XII should be dismissed with prejudice.

2.     <u>Lenovo's Warranty does not fail its essential purpose.</u>

The vague assertion that the Warranty "fails of its essential purpose" because Lenovo did not repair Plaintiffs' laptops also misses the mark. FAC ¶307. It is well-settled that where "there are alternative exclusive limited remedies, such as repair *or* refund, the exclusive remedies" do not "fail of their essential purposes, although there was a failure to repair or replace the defective parts." *Am. Nursery Prods. v. Indian Wells Orchards*, 115 Wn.2d 217, 229 (Wash. 1990).[22]

For instance, in *Marr Enterprises, Inc. v. Lewis Refrigeration Co.*, the warranty provided that "if the seller did not replace the defective parts, the purchaser was entitled to refund of the purchase price." 556 F.2d 951, 955 (9th Cir. 1977). Because the warranty provided alternate remedies of replace *or* refund, the court held that "mere failure to replace or repair" did not cause the warranty to fail its essential purpose because the remedy of a refund remained available.  *Id.*

Here, as in *Marr*, the Warranty provided that if Lenovo "is unable to either repair or replace your product, your sole remedy under the Limited Warranty is to return the product . . . for a refund of your purchase price." Caponi Decl., Ex. A. MacKay is the only Plaintiff who

---

[21] *See, e.g.*, *Midwest Printing v. AM Int'l*, 108 F.3d 168, 171 (8th Cir. 1997) (concluding disclaimer with nearly identical language and formatting as Lenovo "complies with requirements of Mo. Rev. Stat. 400.2-316(2)" and disclaimed all implied warranties); *see also Popham v. Keystone RV Co.*, No. 3:15-cv-197-TLS, 2016 WL 4993393, at *7-8 (N.D. In. Sept. 19, 2016); *Meserole v. Sony Corp. of Am., Inc.*, No. 08 CV 8987 (RPP), 2009 WL 140393, at *5-8 (S.D.N.Y. May 18, 2009); *Brothers v. Hewlett-Packard Co.*, No. C-06-02254 RMW, 2006 WL 3093685, at *8 (N.D. Cal. Oct. 31, 2006); *Cooper v. Samsung Elecs. Am., Inc.*, No. CIV.A.07-3853 JLL, 2008 WL 4513924, at *4 (D.N.J. Sept. 30, 2008), *aff'd*, 374 F. App'x 250 (3d Cir. 2010) (rejecting unconscionability challenge to one-year warranty no timely coverage sought).

[22] *See also, The Law of Product Warranties*, para. 8.04 at 8-60 ("[T]he backup remedy does not fail of its essential purpose even though the front-line remedy does."); *Garden State Food Distributors, Inc. v. Sperry Rand Corp., Sperry Univac Division*, 512 F. Supp. 975, 978 (D.N.J. 1981) (contractual limited remedy did not fail where a backup remedy existed).

alleges he sent his Flex 5 to Lenovo prior to the expiration of his Warranty. FAC ¶¶63-64. Importantly, Lenovo repaired that device and MacKay does not allege that the issues arose again before the Warranty expired or that he ever pursued the alternative remedy of a refund. As such, the Warranty did not fail of its essential purpose.  As none of the remaining Plaintiffs allege they attempted to use their Warranty before it expired, this argument fails.  Plaintiffs also do not allege facts showing the defects manifested under ***normal use*** of the laptop.

Finally, as discussed above, Urquiza cannot recover on the express warranty because it did not apply to his used, refurbished Flex 5 and, thus, his claim fails for this additional reason.

### E.  Plaintiffs' Claim for Breach of Implied Warranty Fails as to Certain States

Lenovo has adequately disclaimed the implied warranty of merchantability under Georgia, Michigan, New Jersey, New York, and Pennsylvania law and, thus, Plaintiffs' claim for its breach (Count XI) fails. Each of these states allows disclaimers of the implied warranty of merchantability if the disclaimer is conspicuous and mentions merchantability.[23] Lenovo's disclaimer clearly satisfies this requirement—it is conspicuously included near the top of the first page of the Warranty, set off from all other text, bolded and capitalized, and explicitly disclaims any implied warranties or conditions of merchantability or fitness for a particular purpose. *See section II.B above*. In fact, courts in each of these states have enforced substantially similar disclaimers.[24] Furthermore, as discussed in Section III.D. Lenovo's disclaimer of the implied

---

[23] *See* Ga. Code Ann. § 11-2-316(2); *see also* Mich. Comp. Laws § 440.2316(2); N.J.S.A. 12A:2-316(2); NY UCC § 2-316(2); 13 Pa.C.S.A. § 2316(b).

[24] *See, e.g., Tri-State Consumer Ins. Co. v. LexisNexis Risk Sols. Inc.*, 823 F. Supp. 2d 1306, 1324 (N.D. Ga. 2011) (rejecting implied warranty claims based on disclaimer similar to Lenovo's Warranty); *see also Carrigg v. Gen. R.V. Ctr., Inc*., 421 F. Supp. 3d 480, 490 (E.D. Mich. 2019) (same); *Hillsborough Rare Coins, LLC v. ADT LLC*, No. CV 16-916 (MLC), 2017 WL 1731695, at *8 (D.N.J. May 2, 2017); *Maltz v. Union Carbide Chemicals & Plastics Co.*, 992 F. Supp. 286, 304 (S.D.N.Y. 1998) (same); *U. S. Leasing Corp. v. Stephenson Equip., Inc*., 230 Pa. Super. 181, 182-83 (1974) (same).

warranties was not unconscionable. Additionally, Urquiza cannot avail himself of the implied warranty because he purchased his device from a third-party who altered it. Lenovo is not responsible for the altered product. As such, Count XI should be dismissed with prejudice.

**F.      Plaintiffs' Claim for Unjust Enrichment/Restitution (Count XIII) Fails**

This claim fails for the same reason that the Court in *Gisairo* dismissed the identical unjust enrichment claim—it is undisputed that a contractual warranty governs the relationship between Plaintiff and Lenovo.  Where a valid express contract exists—here, the Warranty—the law prohibits a party to the contract from bringing unjust enrichment claims arising out of the contract's subject matter.[25] Thus, because Plaintiffs have affirmed the Warranty by suing for its breach, and have failed to mount a plausible challenge to its limitations, their unjust enrichment claims fail, and Count XIII should be dismissed with prejudice.

Count XIII additionally fails as to the California Subclass because, "there is no cause of action in California for unjust enrichment." *Levine v. Blue Shield of California*, 189 Cal. App. 4th 1117, 1138 (2010) (citation omitted). If framed as a claim for quasi-contract, such claim is barred by the two-year statute of limitations, because Irvine both purchased and first noticed defects in his Flex 5 more than two years before the FAC was filed. *See* Cal. Code Civ. Proc. §339(1); *see Wu v. Sunrider Corp.*, 793 F. App'x 507, 510 (9th Cir. 2019).

**G.      Irvine's Remaining California Claims (Counts II-III) Fail**

---

[25] *See Minnick v. Clearwire US, LLC*, 683 F. Supp. 2d 1179, 1186 (W.D. Wash. 2010) (no unjust enrichment claim if valid contract as to WA); *see also*, *California Med. Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc*., 94 Cal. App. 4th 151, 172, 114 Cal. Rptr. 2d 109 (2001) (same as to CA); *Brooks v. Branch Banking & Tr. Co*., 107 F. Supp. 3d 1290, 1298 (N.D. Ga. 2015) (same as to GA); *Ruiz v. Bally Total Fitness Holding Corp*., 447 F. Supp. 2d 23, 29 (D. Mass. 2006), aff'd, 496 F.3d 1 (1st Cir. 2007) (same as to MA.); *Martin v. E. Lansing Sch. Dist.*, 193 Mich. App. 166, 177 (1992) (same as to MI); *Dunham v. Wells Fargo Bank*, No. 18CV08995PGSDEA, 2019 WL 9657790, at *4 (D.N.J. Nov. 6, 2019) (same as to NJ); *Linares v. Richards*, No. 08-CV-3243 (RRM), 2011 WL 13295120, at *12 (E.D.N.Y. June 23, 2011) (same as to NY); *Wilson Area Sch. Dist. v. Skepton*, 586 Pa. 513, 520 (2006) (same as to PA).

To establish a claim under the Song-Beverly Consumer Warranty Act (Count II), Irvine must show his Flex 5: (1) had a defect covered by the Warranty; (2) was presented to Lenovo for repair; and (3) was not repaired after a reasonable number of attempts. *Robertson v. Fleetwood Travel Trailers of California, Inc*., 144 Cal. App. 4th 785, 798-99 (2006).[26]

The FAC fails to allege that Lenovo was provided a single opportunity to service or repair Irvine's laptop to address the alleged screen flickering, let alone "a reasonable number of attempts." FAC¶¶91-98. Irvine alleges that Lenovo remotely connected with his Flex 5 to address certain issues, "none of which were related to … the screen flicker." FAC ¶95. Irvine admits that, "because these remote sessions neither detected nor fixed the screen flicker defect," he "thought it would be fruitless to contact Lenovo over the phone." FAC ¶95. Because Irvine never told Lenovo about the screen flicker defect, Count II should be dismissed with prejudice.

Irvine's parasitic UCL claim (Count III) fails for the same reasons stated above.

### H.     Plaintiffs Lack Standing on Claims Relating to the Yoga 730

All of Plaintiffs' claims relating to the Yoga 730 fail as a matter of law for lack of standing. No Plaintiff purchased a Yoga 730, and therefore they cannot establish damages related to that product. Based on this undisputed fact, Plaintiffs cannot rely on alleged misrepresentations, defects, and warranty claims related to this product. [27] Whether for lack of standing or a lack of sufficient factual allegations on each of their claims it is clear that each of their claims must fail as to the Yoga 730.

### I.     The Court Should Dismiss this Action under the First-Filed Rule

The "first-filed" rule allows "trial judges to exercise their discretion by enjoining the

---

[26] *See also* Cal. Civ. Code § 1793.2(d)(1); *Silvio v. Ford Motor Co.*, 109 Cal. App. 4th 1205, 1207-08 (2003) (recognizing that "'[a]ttempts' is plural.")

subsequent prosecution of similar cases . . . in different federal courts." *E.E.O.C. v. Univ. Of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988). The rule is applicable in class actions filed by different named plaintiffs against the same defendant. *MacLean v. Wipro Ltd.*, No. 20-3414 (FLW), 2020 U.S. Dist. LEXIS 227886, at *19 (D. N.J. Dec. 4, 2020). Courts look at the chronology of the actions and overlapping subject matter, issues, claims, and parties. *Id.* The rule permits dismissal of a duplicative later-filed action with prejudice when there is "[b]latant forum shopping or gamesmanship[.]" *Chavez v. Dole Food Co.*, 836 F.3d 205, 221 (3d Cir. 2016).

The Court should dismiss this action under the First-Filed Rule. First, the *Gisairo* Action was filed on October 17, 2019, and this action was filed on August 28, 2020. Caponi Decl. Exs. D, F. Second, the two actions have overlapping subject matter—the operative complaints involve the same conduct by the same Defendant (Lenovo), on behalf of an overlapping putative class of consumers (who allegedly purchased either a Flex 5 or Yoga 730), seeking the same relief for the same or analogous claims. *See, e.g.*, FAC ¶¶2, 4-5; Caponi Decl. Ex. D (Compl., ¶¶2, 4-5), Ex. E. Third, the claims in the two actions seek the same relief on claims for breach of express and implied warranty, consumer protection, and unjust enrichment, and thus substantially overlap.[28] Finally, Plaintiffs in this action are members of the *Gisairo* nationwide class and will have their interests included in that litigation.[29]  Accordingly, the FAC should be dismissed in its entirety.

## IV.    CONCLUSION

For all of the foregoing reasons, Lenovo respectfully requests the Motion be granted.

---

[27] *See e.g., Semeran v. Blackberry Corp.*, No. 2:15-CV-00750-SDW-LDW, 2016 U.S. Dist. LEXIS 11864, at *10 (D. N.J. Feb. 2, 2016) (no standing as to unpurchased cell phone models).
[28] "[E]xact identity of claims is not required." *Catanese v. Unilever*, 774 F. Supp. 2d 684, 687-88 (D.N.J. 2011)
[29] The classes, not class representatives, are compared. *Catanese*, 774 F. Supp. 2d at 688.

Dated: April 30, 2021

**K&L GATES LLP**

*/s/ Steven L. Caponi*
Steven L. Caponi (No. 3484)
Matthew B. Goeller (No. 6283)
600 N. King Street, Suite 901
Wilmington, DE 19801
Tel.: 302-416-7000
steven.caponi@klgates.com
matthew.goeller@klgates.com

-and-

Christina N. Goodrich
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Tel.: 310-552-5000
christina.goodrich@klgates.com

*Attorneys for Defendant*
*Lenovo (United States) Inc.*